UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TERRY L. MOCK,<br><br>     Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>     Defendant. | Case No. 23-cv-10525<br><br>Honorable Robert J. White |

**ORDER GRANTING UNITED STATES OF AMERICA'S MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF No. 22)**

Plaintiff Terry L. Mock sued Defendant the United States of America to quiet title to his real property at 23100 Staunton, Southfield, Michigan, 48033 (the Property). (ECF No. 1, PageID.1–2). Namely, Mock's complaint sought to prevent the Government from enforcing federal tax liens it had against the Property. (*Id.* at PageID.2–3, 5–6).

According to Mock, following the bankruptcy court's discharge of the underlying tax obligation and the Internal Revenue Service's (IRS) release of his federal tax liens, the Government cannot enforce its liens against the Property or hold Mock personally liable for the unpaid taxes. (*Id.* at PageID.2–4). That is, at the time the bankruptcy estate abandoned the Property back to Mock, the IRS had already released the liens. (*Id.* at PageID.3). So, even though the IRS later revoked

its release of Mock's federal tax liens and reinstated them, the liens no longer attached to the Property, and the Government could not enforce them. (*Id.*). As a result, when Mock redeemed the Property after its foreclosure sale but before the IRS revoked the releases, he held the Property "free and clear of any liens." (*Id.* at PageID.5). In addition to quieting title, Mock requested the Court order the withdrawal of the Notices of Federal Tax Liens, enjoin the IRS from attempting to enforce its liens against the Property, and award him costs and attorney's fees. (*Id.* at PageID.6).

The Government disputed Mock's allegations in its answer. (ECF No. 10). Not only did the Government claim that the federal tax liens are still valid against the Property, but that it also had a valid judicial lien against the Property that survived the bankruptcy, foreclosure, and redemption. (*Id.* at PageID.87–88). Additionally, the Government brought counterclaims against Mock to enforce its federal tax and judicial liens and reduce to judgment new tax liabilities against the Property. (*Id.* at PageID.94–117).

Presently before the Court is the Government's motion for partial summary judgment. (ECF No. 22). The Government asked the Court to rule that (1) the United States has a valid judicial lien attached to the Property that survived Mock's bankruptcy discharge and subsequent foreclosure sale and redemption; (2) that the United States has valid federal tax liens attached to the Property that survived

2

Mock's bankruptcy discharge and the subsequent foreclosure sale and were erroneously released by the IRS but properly reinstated; (3) Mock's Trust Fund Recovery Penalty (TFRP) liabilities were excepted from his bankruptcy discharge as a matter of law; and (4) Mock is liable for unpaid income taxes for tax years 2013-16 that also support federal tax liens against the Property. (*Id.* at PageID.178–79). Although Mock asked the Court to deny the Government's motion, (ECF No. 28 at PageID.364), he admitted that the TFRP liabilities are non-dischargeable and that he owes tax amounts from 2013-16 (*id.* at PageID.376, 380).

Because the Court does not believe oral argument is necessary to resolve the issues in dispute, it will decide the Government's motion absent a hearing. *See Himes v. United States*, 645 F.3d 771, 784 (6th Cir. 2011) ("Rule 56 does not require an oral hearing on a motion for summary judgment.") (citation omitted). For the reasons explained below, the Court will grant the Government's motion for partial summary judgment.

**I.     Background**

At the crux of the matter is Mock's failure to pay federal taxes. In mid-2009, the Government filed a complaint to reduce Mock's unpaid federal tax assessments to judgment and enforce the United States' tax liens against the Property. *United States v. Mock, et al.*, No. 09-12861 (E.D. Mich. July 20, 2009), Dkt. No. 1. In October 2010, the Court entered the following judgment in favor of the United

3

States: (1) money judgment against Mock for unpaid income taxes, interest, and statutory accruals for the tax years 1996 through 2006, in the amount of $524,504.903, as of July 27, 2010, plus interest thereafter and for trust fund recovery penalties and interest in the amount of $17,813.69, as of July 27, 2010, plus interest thereafter; (2) that the United States had valid, subsisting, and enforceable tax liens in the total amount of $542,318.62, as of July 27, 2010, upon all property and rights to property belonging to Mock; (3) that the federal tax liens attached to the Property; and (4) that the federal tax liens against the Property are enforced. (ECF No. 28-2, PageID.384–86).

On June 6, 2011, the United States filed its Abstract of Judgment with the Oakland County Register of Deeds, recorded at book 43113, page 321. (ECF No. 22-2, PageID.231).[1] The Abstract of Judgment established a judicial lien for the Court's judgment that would be "effective, unless satisfied, for a period of 20 years." (*Id.*). It also listed the United States Department of Justice (DOJ) as attorneys for the United States with an address in Washington, D.C. (*Id.*). In addition to the Abstract of Judgment, the United States filed Notices of Federal Tax Lien (NFTLs) with the Oakland County Register of Deeds for Mock's various unpaid federal

---

[1] The Property is located in Oakland County, Michigan. (ECF No. 1-5, PageID.34).

4

income taxes and his unpaid TFRPs. (ECF No. 22-2, PageID.237, 241, 246, 254–55, 262, 266, 269, 272, 275).[2]

Consequentially, and also in June 2011, Mock filed for Chapter 7 bankruptcy, which automatically stayed enforcement of the liens under 11 U.S.C. § 362. *In re Mock*, No. 11-57063 (Bankr. E.D. Mich. June 20, 2011), Dkt. No. 1. His reported encumbrances included various federal tax liens and a mortgage lien on the Property held by CitiMortgage, Inc. *Id.*, Dkt. No. 12, pages 8–10. Mock did not claim an exemption for the Property in the bankruptcy. *Id.*, page 7. Ultimately, the bankruptcy court granted Mock a discharge, (ECF No. 28-3, PageID.387), and closed the case on July 30, 2012. *In re Mock*, No. 11-57063, Dkt. No. 19. Because the Chapter 7 Trustee did not administer the Property, it was deemed abandoned to the debtor when the case closed. 11 U.S.C. § 554(c). As relevant to the dispute here, the IRS released the NFTLs for the federal tax liens and the TFRP liabilities after Mock's bankruptcy discharge but before the close of his bankruptcy case. (ECF No. 22-2, PageID.238, 242–43, 247–48, 251, 256–58, 263–64, 270, 273, 276).

Post-bankruptcy, Mock's financial troubles appeared to continue as CitiMortgage foreclosed on the Property and requested it be sold at a sheriff's sale. (ECF No. 1-4, PageID.26). The sheriff's sale took place on December 2, 2014, at

---

[2] Although the IRS had filed NFTLs for the some of the same federal tax liens in the past, the Court cites only to the last-in-time NFTLs before the post-discharge Certificates of Release.

which CitiMortgage purchased the Property for $116,250, subject to the rights of redemption of Mock and lien creditors. (*Id.* at PageID.26–27). A sheriff's deed accompanied the sale. (*Id.*). On May 29, 2015, Mock timely redeemed the Property for $121,611.54 from CitiMortgage. (ECF No. 1-5, PageID.34). In 2022, however, the IRS revoked and reinstated the federal tax liens, that pre-dated Mock's bankruptcy, against the Property. (ECF No. 22-2, PageID.239, 244, 259–60, 265, 271, 274, 277). The revocations explicitly stated that although the IRS released the liens erroneously, they were now reinstated pursuant to § 6325(f)(2). (*Id.*). Likewise, the IRS revoked its release of the TFRP liabilities in 2018 and reinstated them against Mock, citing error. (*Id.* at PageID.268). The IRS re-filed its NFTL for the TFRP liabilities in 2019. (*Id.* at PageID.267).

Finally, and separate from Mock's pre-bankruptcy debts, Mock failed to pay income taxes from 2013-16. (ECF No. 22-1, PageID.213, 218–24).

## II.     Legal Standard

A party may move for summary judgment on any claim or defense asserted. *See* Fed. R. Civ. P. 56(a). To succeed on a summary judgment motion, the movant must show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* If the movant meets its burden under Rule 56(a), the non-moving party "must come forward with specific facts showing that there is a *genuine issue for trial*." *Matsushita Elec. Indus. Co., Ltd. v. Zenith*

6

*Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. Rule Civ. P. 56(e)). A genuine issue for trial exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding the motion, the Court is required to draw all reasonable inferences in the light most favorable to the non-moving party. *Matsushita*, 475 U.S. at 587; *see also Craig v. Bridge Bros. Trucking LLC*, 823 F.3d 382, 387 (6th Cir. 2016) ("[A]t this stage of litigation, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.") (quoting *Anderson*, 477 U.S. at 255)).

### III. Analysis

#### A. The United States Has a Valid Judgment Lien Against the Property.

After a judgment is rendered in a civil action, a party may establish a lien on the real property of a judgment debtor by filing a certified copy of the abstract of judgment in the state or county office where the property is situated as designated by state law. 26 U.S.C. § 6323(f)(1)(A)(i). Michigan law requires that a notice of judgment be recorded in "the land title records of the register of deeds for the county where the property is located." Mich. Comp. Laws § 600.2803. Once established, a judgment lien is effective for a period of twenty years and takes priority "over any other lien or encumbrance which is perfected later in time." 28 U.S.C. § 3201(b)–(c).

Here, the United States established a valid judgment lien in the Property by filing its Abstract of Judgment with the Oakland County Register of Deeds. (ECF No. 22-2, PageID.231). But according to Mock, even if United States properly established its judgment lien, Mock's bankruptcy discharge, and the Property's subsequent foreclosure and redemption, rendered that lien invalid. (ECF No. 28, PageID.369–71).

### 1. The Judgment Lien Survived the Bankruptcy Discharge.

The facts, when considered in conjunction with applicable law, show indisputably that the United States' judgment lien against the Property survived Mock's bankruptcy discharge. Under 11 U.S.C. § 524(a)(1), a discharge of debt pursuant to a Chapter 7 proceeding "voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor." But a Chapter 7 discharge does not, in and of itself, discharge a creditor's lien. *In re Barksdale*, No. 20-8008, 2020 WL 5092877, at *3 (B.A.P. 6th Cir. Aug. 28, 2020). Instead, the language in § 524(a)(1) makes clear that the discharge "extinguishes *only* 'the personal liability of the debtor,'" leaving intact *in rem* actions. *Johnson v. Home State Bank*, 501 U.S. 78, 82–83 (1991) (quoting § 524(a)(1)); *Dewsnup v. Timm*, 502 U.S. 410, 418 (1992). A creditor can thus proceed against a debtor's property for pre-petition debt, so long as it does not seek to hold a debtor personally liable. *See Plan Adm'r for the Gail & Rice, Inc. Profit Sharing Plan v. Gail & Rice,*

8

*Inc.*, No. 10-11091, 2011 WL 110904, at *6 (E.D. Mich. Jan. 13, 2011). Ultimately, the creditor's lien "stays with the real property until foreclosure." *Dewsnup*, 502 U.S. at 417.

Here, the Chapter 7 discharge voided Mock's personal liability for judgment debts, but not those against the Property. And although the code offers debtors an opportunity to avoid "the fixing of a [judicial] lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor" is entitled, 11 U.S.C. § 522(f)(1)(A), Mock did not assert an exemption or seek an avoidance for the Property. *In re Mock*, No. 11-57063, Dkt. No. 12, page 7. As a result, the United States' judgment lien against the Property remains valid post-discharge.

### 2. The Judgment Lien Survived the Foreclosure and Redemption.

Similarly, the Property's foreclosure and redemption did not affect the judgment lien. As stated, CitiMortgage foreclosed on the Property and requested a sheriff's sale, purchased the Property at the sheriff's sale, and obtained a sheriff's deed. (ECF No. 1-4, PageID.26–27). Under Michigan law, a sheriff's deed becomes operative only if the property in question is not redeemed. Mich. Comp. Laws § 600.3236; *see also In re Parlovecchio*, 315 B.R. 694, 696 (Bankr. E.D. Mich. 2004) ("When not redeemed, a sheriff's deed ripens into legal title and cuts off all junior interests in the property that were not consented to by the mortgagee."). If

9

the property is redeemed, however, the sheriff's deed becomes void. Mich. Comp. Laws §§ 600.3240(1), 600.3244; *see also SJT Props., LLC v. Baker*, No. 347862, 2020 WL 1231649, at *3 (Mich. Ct. App. Mar. 12, 2020) (finding sheriff's deed "became void upon redemption by defendant"). A mortgagor may redeem the property "by paying the required amount within the applicable statutory redemption period." *Innovative Props. 1997, LLC v. Hamilton Rd. Ltd.*, No. 367450, 2024 WL 4866320, at *2 (Mich. Ct. App. Nov. 21, 2024).

Mock redeemed the Property within the redemption period. (ECF No. 1-5, PageID.34). Because the sheriff's deed never ripened, junior interests in the Property, including the United States' lien, remained intact. As a result, the judgment lien is still valid following Mock's bankruptcy discharge and the Property's foreclosure and redemption. The Court will therefore grant summary judgment for the United States and find that the judicial lien recorded in the June 6, 2011 abstract of judgment is valid and secures the applicable judgment of this Court. (ECF No. 22, PageID.178–79).

To note, the United States argued that regardless of the redemption's effect on the judgment lien, the United States' lack of notice of the foreclosure ultimately voided the sheriff's sale. (*Id.* at PageID.201). Given that the Court will grant summary judgment for the reasons explained above, the Court need not address this issue.

**B.     The United States Has Valid Federal Tax Liens.**

Under 26 U.S.C. § 6321, a person's neglect or refusal to pay taxes will result in a lien in favor of the United States against that person's "property and rights to property, whether real or personal," for the amount of the taxes. Because the United States duly recorded Notices of Federal Tax Liens in Oakland County, Michigan, it secured the liabilities for income tax, civil penalties, and TFRP assessments, along with interest that accrued before the operative bankruptcy petition, against the Property (ECF No. 22-2, PageID.237, 241, 246, 254–55, 262, 266, 269, 272, 275). *See* Mich. Comp. Laws § 211.663(2). And critically, the Bankruptcy Code explicitly exempts tax liens against the debtor's property from discharge. 11 U.S.C. § 522(c)(2)(B). The United States' federal tax liens against Property therefore remained unaffected by the bankruptcy discharge.

At issue, then, is whether the federal tax liens survived the foreclosure, redemption, and the IRS's inadvertent release and revocation. As described above, because Mock's redemption voided the sheriff's deed, the foreclosure did not affect the tax liens. *See supra* pp. 9–10. And similarly, the United States argued that the inadvertent release and revocation did not impact the tax liens such that they are still valid (ECF No. 22, PageID.204); Mock countered that the IRS's release, which occurred post-bankruptcy discharge, meant that the pre-bankruptcy lien could no longer apply to the Property, even after revocation and reinstatement (ECF No. 28,

11

PageID.366, 371, 376). As explained below, the Court will grant summary judgment in favor of the United States that the tax liens are still applicable to the Property.

> 1. **The Federal Tax Liens Survived the IRS's Inadvertent Release.**

Federal law provides that the IRS may revoke a Certificate of Release and reinstate a lien if the release "was issued erroneously" and the limitations period for collection after assessment has not expired. 26 U.S.C. § 6325(f)(2). To note, the United States loses the priority it previously had among secured creditors if a lien is revoked erroneously and thereafter reinstated. *United States v. Rogers*, 558 F. Supp. 2d 774, 790 (N.D. Ohio 2008). But overall, tax liens survive bankruptcy, *see* § 522(c)(2)(B), and "may be enforced *in rem* even after the debtor has been discharged." *United States v. Webb*, 486 F. Supp. 3d 1238, 1243 (S.D. Ind. 2020). That is, "the revocation is not equivalent to filing a new lien on post-petition property, but simply reinstates the lien on the continuing *in rem* liability." *Rogers*, 558 F. Supp. at 789–90. By following the requisite procedures to revoke releases, the IRS validly reinstated the tax liens, which include those for the TFRP liabilities, against the Property. *See Webb*, 486 F. Supp. 3d at 1245; *United States v. Jackson*, No. 19-cv-10750, 2025 WL 976680, at *5 (E.D. Mich. Jan. 24, 2025), *report and recommendation adopted*, 2025 WL 968281 (E.D. Mich. Mar. 31, 2025); *United States v. Peterson*, No. C91-1522C, 1993 WL 151850, at *1 (W.D. Wash. Feb. 11, 1993). Thus, the Court will grant summary judgment for the United States that the

federal tax liens attached to the Property survived the bankruptcy discharge, foreclosure sale, redemption, and the IRS' erroneous release and revocation.

      **C.    The IRS' Release and Revocation of Federal Tax Liens did not Affect the United States' Judgment Lien.**

Mock claimed that the tax liens merged with the judgment lien such that the IRS's release of the tax lien also released the judgment lien. (ECF No. 28, PageID.373). But Mock's argument is incorrect. The fact that a tax lien merges with the underlying obligation, that is, what is owed on the taxes, does not mean that it merges with a judgment lien as well. Although the *underlying obligation* might merge with the judgment, a tax lien exists independent of a judgment lien. *United States v. Bank of Celina*, No. 85-5050, 1986 WL 16493, at *3 (6th Cir. 1986) (Table). And critically, the IRS lacks authority to release a judgment lien such as the one here. Once the IRS refers a case arising under the internal revenue laws to the DOJ, which it did here, it loses its authority over the case. *See* ECF No. 22-2, PageID.231 (listing DOJ Tax Division as attorneys for the United States); 26 U.S.C. § 7122(a); *see United States v. Jackson*, 511 F. App'x 200, 202–03 (3rd Cir. 2013) (collecting cases). As a result, the IRS's release and revocation here had no impact on the United States' judgment lien.

13

### D. Mock's bankruptcy proceedings did not discharge his TFRP liabilities.

Mock admitted that his bankruptcy discharge did not affect his TFRP liabilities. (ECF No. 28, PageID.369, 379). And as a matter of law, the Court finds that TFRP liabilities are not dischargeable in bankruptcy. A person who fails to properly account for and withhold employment taxes will "be liable to a penalty equal to the total amount of the tax evaded" 26 U.S.C. § 6672(a), otherwise called the "trust fund recovery penalty." Prior to Mock's bankruptcy, the Court entered judgment against Mock for certain TFRP liabilities. (ECF No. 28-2, PageID.384–85). Although the bankruptcy court granted Mock's petition for a discharge, § 523(a)(1)(A) of the Bankruptcy Code excludes from discharge "any debt for a tax . . . of the kind and for the periods specified in section 507(a)(3) or 507(a)(8)" of the Code. Section 507(a)(8) refers to "unsecured claims of governmental units, only to the extent that such claims are for . . . (C) a tax required to be collected or withheld and for which the debtor is liable in whatever capacity." The argument that TFRP liabilities operate as penalties, and not taxes, is unavailing; the Supreme Court ruled that although § 6722 refers to the funds due as a "penalty," their "essential character" is that of a tax "for purposes of the Bankruptcy Act." *United States v. Sotelo*, 436 U.S. 268, 275 (1978). Thus, when read together, the Code provisions make clear that a TFRP liability is non-dischargeable. *See In re Swain*, 437 B.R. 549, 556 (Bankr. E.D. Mich. 2010) ("The nondischargeability of any § 6672(a) debt is clearly

14

established by the combination of the two sections of the Bankruptcy Code – 11 U.S.C. §§ 523(A)(1)(a) and 507(a)(8)(C)."). Because TFRP liabilities are non-dischargeable, and because Mock ultimately did not dispute that the TFRP liabilities survived his bankruptcy discharge, the Court will grant summary judgment for the United States on this claim.

### E. Mock admitted to owing taxes for the years 2013-16.

In his response, Mock stated: "With respect to post bankruptcy taxes, 2013 through 2016, it is admitted that Mr. Mock would owe those amounts as he filed tax returns for those amounts." (ECF No. 28, PageID.381). The IRS' assessment of unpaid taxes is supported not only by Mock's self-reported information to the IRS for these tax years, but also by Mock's own admission. (*Id.*; ECF No. 22-1, PageID.218–27). Because there is no material dispute of fact as to this point, the Court will grant summary judgment that Mock is liable for unpaid incomes taxes for the years 2013-16 that support federal tax liens against the Property.

\* \* \*

For the reasons given, the Court **ORDERS** that the motion for partial summary judgment (ECF No. 22) is **GRANTED**.

Dated: July 29, 2025               s/Robert J. White
                                   Robert J. White
                                   United States District Judge