UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TERRY L. MOCK,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 23-cv-10525<br><br>Honorable Robert J. White |

**ORDER DENYING UNITED STATES' MOTION TO CORRECT STATEMENT IN JULY 29, 2025 ORDER (ECF No. 37)**

Plaintiff Terry L. Mock sued Defendant the United States of America (the Government) to quiet title on his real property located at 23100 Staunton, Southfield, Michigan 48033 (the Property). (ECF No. 1, PageID. 1–2). The Court granted partial summary judgment for the Government on July 29, 2025. (ECF No. 33). The Court found that the Government had a valid judicial lien attached to the Property that survived Mock's bankruptcy discharge and subsequent foreclosure sale and redemption; that the Government had valid federal tax liens attached to the Property that survived Mock's bankruptcy discharge and subsequent foreclosure sale and were erroneously released by the IRS but properly reinstated; that Mock's Trust Fund Recovery Penalty (TFRP) liabilities were excepted from his bankruptcy discharge as a matter of law; and that Mock is liable for unpaid income taxes for tax years

2013-16 that also support federal tax liens against the Property. (*Id.* at PageID.438–39).

On August 2, 2025, the Government moved for an amended/corrected version of the Court's summary judgment order. (ECF No. 34). The Court struck the motion from the record based on the Government's failure to seek concurrence under E.D. Mich. Local Rule 7.1. (*Id.*). The Government re-filed its motion on September 9, 2025. (ECF No. 37). Mock opposed the motion but did not file a response. (*Id.* at PageID.483). In its motion, the Government asked the Court to correct the following statement in its order: "Here, the Chapter 7 discharge voided Mock's personal liability for judgment debts, but not those against the Property." (ECF No. 33, PageID.445; ECF No. 37, PageID.482–83). The Government requested the statement be amended to read: "Here the Chapter 7 discharge <u>may have</u> voided Mock's personal liability for judgment debts <u>(a contention the United States disputes but not addressed in its motion for partial summary judgment),</u> but <u>it did</u> not <u>void</u> those against the Property." (ECF No. 37, PageID.483).

The Government stated that it "fully agree[d]" with the substance of the ruling," but that the Court's original statement did not align with the posture of the case. (*Id.* at PageID.482). Specifically, the statement conflicted with the Government's counterclaim for a determination that the income taxes in the judgment were excepted from discharge because Mock willfully attempted to defeat

the taxes. (*Id.* at PageID.482–83). The Government argued that its motion was not seeking summary judgment on the counterclaim. And since the order did "not discuss this issue," the statement was "not a ruling by the Court on any issue presented to it." (*Id.* at PageID.483).

The Court will deny the Government's motion. To start, the Government offered no rule or authority that justified the relief requested in its motion. Because the Government styled the motion as one "to correct," Federal Rule of Civil Procedure 60(a) might apply. Rule 60(a) allows the Court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." But Rule 60(a) does not "'authorize the court to revisit its legal analysis or otherwise correct an error[] of substantive judgment.'" *Nelson v. Grand Trunk W. Railroad Co.*, 509 F. Supp. 3d 978, 982 (E.D. Mich. 2020) (quoting *In re Walter*, 282 F.3d 434, 440 (6th Cir. 2002)) (citation modified).

Here, the Government asked the Court to make a substantive, albeit small, change to its legal analysis. Accordingly, the Government's motion fails if construed under Rule 60(a). Instead, the Government's motion is more akin to a motion for reconsideration, at least based on the relief requested. Since the Court's order is a non-final order, Local Rule 7.1(h)(2) controls. Although motions for reconsideration of non-final orders "are disfavored," a party may file such motion if "[t]he court

made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision." E.D. Mich. L.R. 7.1(h)(2)(A). The Government claimed the Court made a mistake in its analysis that affects the Government's ability to bring its counterclaims.

The Court disagrees. The Court made no findings as to whether the counterclaim qualifies as an exception to the general rule that a Chapter 7 bankruptcy discharge voids any judgment for personal liability against the debtor. As the Government noted, that issue was not before the Court at the time. And the order ultimately does not foreclose the counterclaim. The statement is non-binding dicta that says nothing about exceptions. All it does is apply the general rule to Mock's situation without further analysis. Considering the matter is one of semantics more so than it is a mistake of law, the Court will deny the motion.

* * *

For the reasons given, the Court **ORDERS** that the motion to correct statement in July 29, 2025 order (ECF No. 37) is **DENIED**.

Dated: August 6, 2026

s/Robert J. White
Robert J. White
United States District Judge