UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TERRY L. MOCK,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 23-cv-10525<br><br>Honorable Robert J. White |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF No. 36)**

Plaintiff Terry Lee Mock moved for reconsideration of the Court's order granting Defendant United States of America's (the Government) motion for partial summary judgment. (ECF No. 36). Mock alleged that the Court made a mistake in failing to consider two arguments that would have otherwise warranted denial of the Government's motion. (*Id.* at PageID.457). First, because Mock redeemed his real property at 23100 Staunton, Southfield, Michigan 48033 (the Property) from foreclosure, he should be subrogated to his mortgagor, "Citimortgage," and thereby take priority over the Government's liens against the Property. (*Id.*). Second, the Court erred in finding that a judgment lien could survive against the Property after the underlying obligation was extinguished. (*Id.* at PageID.464–68).

The Government did not concur with Mock's requested relief, (*id.* at PageID.457), but did not file a separate response to the motion for reconsideration. For the reasons explained below, the Court will deny the motion for reconsideration.

## I. Legal Standard

"Motions for reconsideration of non-final orders are disfavored" and may only be brought upon the following grounds.[1] E.D. Mich. LR 7.1(h)(2). First, "[t]he court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decisions." LR 7.1(h)(2)(A). Second, "[a]n intervening change in controlling law warrants a different outcome." LR 7.1(h)(2)(B). Third, "[n]ew facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision." LR 7.1(h)(2)(C).

But a "motion for reconsideration that merely reasserts the same facts and legal arguments previously asserted is not proper unless there was some defect in the first hearing by which the court and the parties have been misled." *Fischer v. United States*, 589 F. Supp. 3d 726, 728 (E.D. Mich. 2022); *see Rice v. Macauley*, No. 19-11184, 2023 WL 4110533, at *1 (E.D. Mich. June 21, 2023) ("'A motion for reconsideration is not intended as a means to allow a losing party simply to rehash

[1] Since the Court granted only partial summary judgment, the Court's order qualifies as non-final.

rejected arguments or to introduce new arguments.'") (quoting *Southfield Educ. Ass'n v. Bd. of Educ. of Southfield Pub. Schs.*, 319 F. Supp. 3d 898, 901 (E.D. Mich. 2018)).

## II. Analysis

Mock brought his motion under Local Rule 7.1(h)(2)(A) based on his argument that the Court made a mistake in granting the motion for partial summary judgment. (ECF No. 36, PageID.457). Upon review of Mock's arguments in his motion for reconsideration, the Court should find that denial of partial summary judgment is the appropriate outcome. (*Id.* at PageID.469). The Court disagrees.

To start, the Court will quickly do away with Mock's argument that the Government's judgment lien was extinguished when the underlying tax obligations were satisfied. (*Id.* at PageID.464). Mock already made this argument in his response to the Government's motion for partial summary judgment. (ECF No. 28, PageID.372–74). The Court addressed the argument at length in its order. *See* ECF No. 33. Since Mock simply rehashed a previously decided issue, this argument does not justify granting the motion.

Likewise, Mock made a similar argument here, that his interest in the Property took priority over the Government's liens after redemption, as he did in his response brief to the motion for partial summary judgment. (ECF No. 28, PageID.374–78; ECF No. 36, PageID.460–64). Again, the Court resolved the argument in its order.

(ECF No. 33, pgs. 9–10). But, to add, Mock's claim that the doctrine of equitable subrogation requires his post-foreclosure-and-redemption interest to take priority over the Government's interest in the Property is baseless. (ECF No. 36, PageID.457). Nothing in Mock's cited case law supports this claim. That is, the doctrine of equitable subrogration "permits a party who satisfies another's obligation to recover from the party primarily liable for the extinguished obligation." *Bednarowski and Michaels Dev., LLC v. Wallace*, 293 F. Supp. 2d 728, 730 (E.D. Mich. 2003) (citation omitted). The circumstances in which the doctrine might apply are not present here. Mock redeemed his own property from foreclosure; he did not satisfy someone else's obligation. Thus, the Court is not persuaded that the doctrine of equitable subrogration, to the extent it was not addressed in the previous order, merits reversal of its partial summary judgment decision.

As a result, the Court will deny Mock's motion for reconsideration.

* * *

For the reasons given, the Court **ORDERS** that the motion for reconsideration (ECF No. 36) is **DENIED**.

Dated: August 12, 2026

s/Robert J. White
Robert J. White
United States District Judge